**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH HAUSCHILD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 13 cv 5032** |
| | ) | |
| **RICK HARRINGTON,** | ) | **Judge Rebecca R. Pallmeyer** |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

On May 2, 2024, this court granted Petitioner a writ of habeas corpus and ordered that he be either released from prison or resentenced within 60 days. (Ord. [109] at 30.) Moving to amend that judgment, Respondent asks the court essentially to provide more time for the Kane County courts to effect Petitioner's resentencing. (Mot. to Amend [112].)

The court may "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Respondent seeks such relief here on two primary grounds. First, logistical difficulties concerning Petitioner's transport threaten delaying the resentencing past the court-imposed deadline. After Respondent "promptly notified" the Kane County State's Attorney's Office—the office tasked with resentencing Petitioner—of this court's order, the State's Attorney's Office issued a writ for Petitioner's transport from State Farm Correctional Center in Virginia (where he is currently incarcerated) to Kane County Circuit Court. (Mot. to Amend at 3.) But according to the State's Attorney's Office, it will "require additional time" over what the court allotted to move Petitioner to Illinois custody for the resentencing. (*Id.*) Second, the parties' preparations for a resentencing hearing are likely to take longer than 60 days. As Respondent points out, for example, expert testimony may be needed since Petitioner was a juvenile at the time of his offense. (*Id.* at 3–4.)

The apparent difficulty or impossibility of sentencing Petitioner within the 60 days this court originally ordered thus justifies amending the judgment. *Etherly v. Schwartz*, 649 F. Supp. 2d 892, 903 (N.D. Ill. 2009) (amending judgment in habeas case to "specify a period of time in which the state" could retry or release the prisoner), *rev'd and remanded on other grounds sub nom. Etherly v. Davis*, 619 F.3d 654 (7th Cir. 2010), *as amended on denial of reh'g and reh'g en banc* (Oct. 15, 2010). Accordingly, the court grants Respondent's motion and amends the judgment as follows: the state has 60 days from May 2, the original entry of judgment, within

which to either release Petitioner or *initiate* resentencing proceedings.[1]  An amended judgment form will follow.

ENTER:

Dated:  June 4, 2024

_____
REBECCA R. PALLMEYER
United States District Judge

---

[1]     The court agrees with Respondent that the Kane County State's Attorney's Office has already initiated such proceedings by issuing a writ to transport Petitioner to Illinois.